IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                           Cr. No. 4:18-cr-657

DARVIN PITCHER

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant Darvin Pitcher moves—pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), the Fifth Amendment, and the Sixth Amendment—to dismiss the indictment on the grounds of duplicity.

*Legal Standard*

Duplicity is the charging of multiple, distinct offenses in one count. *United States v. Barrera*, 444 F. App'x 16, 24 (5th Cir. 2011); *United States v. Munoz-Franco*, 986 F. Supp. 70, 71 (D.P.R. 1997). Duplicitous charging is prohibited for a variety of reasons. These concerns include "interference with unanimous juror agreement since the presence of multiple offenses in the same count may give rise to a situation in which a defendant may be convicted without unanimous juror agreement[.]" *Munoz-Franco*, 986 F. Supp. at 71. Additionally, duplicitous counts "produce confusion as to the basis of the verdict which may subject a defendant to double jeopardy." *Id.* With a duplicitous indictment, "[a] general verdict of guilty

will not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty at all." *United States v. List*, 200 F. App'x 535, 540 (6th Cir. 2006) (internal quotation marks and citation omitted). "Duplicity may also give rise to problems regarding the admissibility of evidence[.]" *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). Generally, these concerns implicate a defendant's fundamental due process rights. *Id.*

"If an indictment is duplicitous and prejudice results, the conviction may be subject to reversal." *United States v. Barrera*, 444 F. App'x 16, 24 (5th Cir. 2011). The remedy to a duplicitous count is for the government to either elect upon which charge to proceed or for the Court to dismiss the indictment. *United States v. Goodman*, 285 F.2d 378, 380 (5th Cir. 1961).

To determine whether a count is duplicitous, courts first determine the allowable unit of prosecution. *United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009). The unit of prosecution for the possession of child pornography is the material or medium upon which images are stored. *United States v. Planck*, 493 F.3d 501, 504 (5th Cir. 2007). Therefore, the only way multiple mediums can possibly be charged in the same count is if the possession constitutes a single scheme. *See United States v. Anson*, 304 F. App'x 1, *2 (2d Cir. 2008).

*Application*

The singular count of Mr. Pitcher's indictment is duplicitous in that it conflates two distinct, alleged possessions of child pornography—one on a Samsung laptop and one on a Dell laptop. The only date information for the CP videos contained on the Samsung computer is December 5, 2008. While there are carved images on the Samsung, these images have no date information. And there is no CP download activity on the Samsung. The last time the Samsung was used was on April 26, 2016.[1] The Samsung computer was alleged to be found in the dining room, and the government has failed to produce photo evidence to show the circumstances of how the Samsung computer was found and/or located.[2]

The CP images contained on the Dell computer are carved, cached images with no date information. While there is evidence of attempted CP downloading activity on the Dell, there are no corresponding images on the Dell for that activity nor proof that those downloads were ever successful. The last date of the attempted downloading activity was July 21, 2015. The last time the Dell was used was on November 25, 2015.[3] The Dell computer was alleged to be found in a chest in the

---

[1] Eric Devlin, Managing Director of the Lone Star Forensic Group and Defense Expert would testify to these facts.
[2] Government's discovery.
[3] *Supra* Note 1.

living room, and the government has failed to produce photo evidence to show the circumstances of how the Dell computer was found and/or located.[4]

Given the differential between the types of images contained on each medium, the differences in dates of CP activity on each medium, the differences in last dates of use of each computer, and the difference in the location each computer was found, the government will not be able to show that the alleged possession of CP in this case constituted a single scheme. The conflation of these two separate schemes is prejudicial because there are differing defenses for each medium based, in part, on the date differences, the differences in the type of CP files, and the different circumstantial content within each computer.

---

[4] *Supra* Note 2.

## **CONCLUSION**

For all the aforementioned reasons, Mr. Pitcher respectfully requests that the Court dismiss the indictment in this case or require the government to elect upon which charge to proceed. Mr. Pitcher would note that he is willing to proceed by the filing of an information that separates the two computers into two separate counts. Mr. Pitcher requests to be heard on this matter at the upcoming motion hearing set for Tuesday, February 18th.

    Respectfully submitted,

    MARJORIE A. MEYERS
    Federal Public Defender
    Southern District of Texas No. 3233
    Texas State Bar No. 14003750

    By /s/ Aisha J. Dennis
    AISHA J. DENNIS
    Assistant Federal Public Defender
    Southern District of Texas No. 3290460
    North Carolina State Bar No. 45980
    440 Louisiana, Suite 1350
    Houston, TX 77002-1056
        Telephone:  713.718.4600
        Fax:          713.718.4610

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorney Zahra Fenelon.

/s/ Aisha J. Dennis
AISHA J. DENNIS
